# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN K. RICHARDSON, | CV F 05 1309 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO JOIN ADDITIONAL DEFENDANTS TO CASE (Doc. 8.) |
| TODD, et. al., | |
| Defendants. | |

Bryan K. Richardson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on October 18, 2005. On December 14, 2005, Plaintiff moved to add or join 40 additional Defendants.

A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is

1

required for all other amendments.  Rule Civ. P. 15(a).  While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal.  <u>Bonn</u>, 59 F.3d at 845; <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991).

In this case, the Defendants have not yet made an appearance in the action and Plaintiff has not yet filed an Amended Complaint.  Thus, permission is not necessary at this time. Plaintiff is cautioned, however, that any complaint filed must comply with Rule 8 of the Federal Rules of Civil Procedure which requires "a ***short and plain*** statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a) (emphasis added).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.

Further, Plaintiff must have exhausted his administrative remedies with respect to each claim raised in the Complaint *prior to* his initiation of this action. In the event that certain claims were not exhausted before Plaintiff initiated suit, those claims will be dismissed as not having been exhausted.  Exhaustion must occur prior to filing suit.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir.2002).

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  <u>See</u>, <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423, U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

1 claim and the involvement of each defendant must be sufficiently alleged. The Amended
2 Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
3 appropriate case number, and be an original signed under penalty of perjury.
4     Accordingly, Plaintiff's Motion to add/join Defendants is DENIED.
5 IT IS SO ORDERED.
6 **Dated:    July 28, 2006**             /s/ Sandra M. Snyder
  icido3                    UNITED STATES MAGISTRATE JUDGE