1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN K. RICHARDSON, | CV F 05 1309 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1) |
| TODD, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |
| _____/ | |

Bryan K. Richardson ("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action

on October 18, 2005, naming Captain S.A. Todd, Lt. B. Taylor, Lt. J.L. Peterson, Lt. E.G. Flores,

Staff Analyst S. McKay, Sgt. Gonzales and Correctional Officer Robison as Defendants.

## A.  SCREENING STANDARD

The court is required to screen complaints brought by  prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  **B. SUMMARY OF COMPLAINT**

13        The events at issue occurred while Plaintiff was confined at Tehachapi State Prison and

14  appear to concern threats and abuses Plaintiff suffered at the hands of Correctional Officer B.

15  Robison.  Plaintiff then provides, in narrative form, a detailed outline of numerous interactions

16  with several individuals over the course of a year.   Plaintiff also makes several references to

17  individuals "lying."[1]  The Court has examined the Complaint and Plaintiff does not set apart his

18  claims for relief nor does he make it plainly clear what allegations go with which Defendants and

19  constitute each claim for relief.  The narrative covers twenty two plus pages.

20  **C.  CLAIMS FOR RELIEF**

21        *1.  Linkage Requirement*

22        The Civil Rights Act under which this action was filed provides:

23        Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
24        deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
25        law, suit in equity, or other proper proceeding for redress.

26

27        _____

          [1]Plaintiff is reminded that a civil rights action protects from *constitutional* violations.  Thus, in order to state
28  a cognizable claim in a civil rights action, the "lie" must give rise to a constitutional violation.  The fact that someone
    told a lie in and of itself does not state such a claim.

1   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

2   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3   Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

5   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

6   in another's affirmative acts or omits to perform an act which he is legally required to do that

7   causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

8   Cir. 1978).  In order to state a claim for relief under section 1983, the *plaintiff must link each*

9   *named defendant* with some affirmative act or omission that demonstrates a violation of

10  plaintiff's federal rights.

        ### *2. Rule 8(a)*

12          Plaintiff's Complaint does not satisfy the requirements of Rule 8(a) of the Federal Rules

13  of Civil Procedure.  Federal Rule of Civil Procedure 8(a) calls for a "short and plain statement of

14  the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of

15  notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.

16  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation

17  of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give

18  the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.

19  at 47.  In this instance, the court finds that plaintiff's allegations are not sufficient to put the

20  Defendants on notice as to which actions violated Plaintiff's rights.

        ### *3. Exhaustion*

22          The Court notes that Plaintiff was previously informed of the exhaustion requirement.

23  Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought

24  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

25  prisoner confined in any jail, prison, or other correctional facility until such administrative

26  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Section 1997e(a)

27  exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435

28  U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " <u>Porter</u>, 534 U.S. at 524 (*citing* <u>Booth</u>, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the suit is pending. <u>McKinney</u>, 311 F.3d at 1199-1201.

Plaintiff is informed that even though the Court is granting him leave to amend, he should not abuse that leave to add allegations and Defendants against whom his claims have not been exhausted. Plaintiff is reminded that exhaustion must have occurred prior to the initiation of this action. Even if Plaintiff exhausted after he instituted this suit, such allegations would be dismissed under the applicable law.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. <u>See</u>, <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423, U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any

4

1   function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

2   claim and the involvement of each defendant must be sufficiently alleged.  The Amended

3   Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

4   appropriate case number, and be an original signed under penalty of perjury.

5   **E. ORDER**

6           The Court HEREBY ORDERS:

7           1.       The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

8                    complaint form;

9           2.       The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

10                   from the date of service of this order, Plaintiff SHALL:

11                   a.       File an Amended Complaint curing the deficiencies identified by the Court

12                            in this Order, or

13                   b.       Notify the Court in writing that he does not wish to file an Amended

14                            Complaint and pursue the action but instead wishes to voluntary dismiss

15                            the case. See, Fed.R.Civ.P. 41(a)(1).

16          Plaintiff is forewarned that his failure to comply with this Order may result in a

17   Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

18   IT IS SO ORDERED.

19   **Dated:    November 7, 2006**                    **/s/ Sandra M. Snyder**
20   icido3                                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28